1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY DALE BARGER, | Case No.  1:13-cv-00414-LJO-SAB |
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND** |
| v. | **ORDER REQUIRING PLAINTIF TO PAY FILING FEE OR TO FILE APPLICATION TO PROCEED IN FORMA PAUPERIS** |
| FEDERAL BUREAU OF INVESTIGATION, | |
| Defendant. | **RESPONSE DUE WITHIN 30 DAYS** |

        Plaintiff Gary Dale Barger ("Plaintiff") is a state prisoner proceeding pro se in this action against Defendant Federal Bureau of Investigation ("Defendant").  For the reasons set forth below, the Court will dismiss Plaintiff's complaint with leave to amend and order Plaintiff to pay the filing fee for this action or file an application to proceed in forma pauperis.

## I.

### SCREENING

        The Court must screen all complaints "in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint ... is frivolous, malicious, or fails to state a claim upon which relief may be granted; or ... seeks monetary relief from a defendant who is immune from such

1

1 relief." 28 U.S.C. § 1915A(b).

2       Plaintiff's three page complaint is entitled "United States Lawsuit Under U.S. Law Title 5

3 U.S.C. § 552(a)(4)(B) Freedom of Information Act Withholding Information." (Compl. 1.)

4 Plaintiff alleges that he received an inadequate response to his request for information under the

5 Freedom of Information Act ("FOIA"). (Compl. 1) It is unclear what Plaintiff requested, who he

6 made the request to or what response he received. However, Plaintiff vaguely alleges that his

7 request "is <u>not</u> an invasion of personal privacy of a 3rd party." (Compl. 1 (underlining in

8 original).) Plaintiff accuses Defendant of "dragging their feet" and claims that "what [he is]

9 looking for is the source and nature of the investigation." (Compl. 2.) Plaintiff provides no

10 further details regarding this "investigation."

11       Under "Relief Sought," Plaintiff identifies himself as "the legal heir to the Hell's Angel

12 M/C." (Compl. 2.) Plaintiff further writes:

13
14
15
16
> It is my belief that I seek the truth in the information that I am looking for and in 16 pages given to me it (information <u>not once</u>) gave me any indication of who the leaders were, the x-president was publically known to having a recent case out of where I chose to run the Hell's Angels Motorcycle Clubs functions in Ventura California.

17 (Compl. 2-3.) Plaintiff seeks $100,000.00 "for lack of information under 5 U.S.C. §

18 552(a)(4)(B). (Compl. 3.)

19       "The FOIA, generally, provides for the mandatory disclosure of information held by

20 federal agencies, unless the requested material is exempt from mandatory disclosure by one of the

21 nine exemption provisions in the FOIA." <u>St. Michael's Convalescent Hospital v. State of Cal.</u>,

22 643 F.2d 1369, 1372 (9th Cir. 1981). Under 5 U.S.C. § 552(a)(4)(B), a person making a FOIA

23 request may file a complaint in district court to enjoin an agency from withholding records and

24 order the production of any records improperly withheld from the complainant.

25       Plaintiff's complaint fails to clearly allege (1) whether Plaintiff made a FOIA request, (2)

26 to whom Plaintiff sent the FOIA request, (3) what information Plaintiff requested in his FOIA

27 request, (4) what response, if any, Plaintiff received from his FOIA request and (5) how the

28 federal agency's response to Plaintiff's FOIA request was improper. The Court will dismiss

Plaintiff's complaint with leave to file an amended complaint that provides the necessary details outlined above.

Moreover, Plaintiff seeks $100,000 in monetary damages, but monetary damages are not authorized under FOIA.  O'Toole v. IRS, 52 Fed. Appx. 961, 962 (9th Cir. 2002).  Plaintiff's complaint does not clearly ask for any other form of relief.  Accordingly, Plaintiff's complaint does not state a valid FOIA claim.  Id.  If Plaintiff opts to amend, he must seek relief that is available under FOIA, e.g., an order enjoining the federal agency from withholding records sought by Plaintiff.

## II.

### FILING FEES

Plaintiff has failed to pay the filing fee in this action and did not file an application to proceed in forma pauperis without prepayment of his filing fee.  Accordingly, the Court will order Plaintiff to pay his filing fee or to file an application to proceed in forma pauperis within thirty days of the date of this order.  Plaintiff is forewarned that if he fails to pay the filing fee and does not file an application to proceed in forma pauperis, the Court will dismiss this action without prejudice for failure to pay the filing fee.

## III.

### CONCLUSION AND ORDER

Based upon the foregoing, the Court finds that Plaintiff's complaint fails to state a claim upon which relief may be granted.  Plaintiff's complaint will be dismissed with leave to amend. If Plaintiff fails to file an amended complaint, this action will be dismissed with prejudice.

Moreover, Plaintiff has failed to pay the filing fee in this action.  If Plaintiff fails to pay the filing fee and fails to file an application to proceed in forma pauperis, the Court will dismiss this action without prejudice for failing to pay the filing fee.

Accordingly, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.    Plaintiff shall file an amended complaint within **thirty (30) days** of the date of this order;

3

3.      Within **thirty (30) days** of the date of this order, Plaintiff shall either (1) pay the $350.00 filing fee for this action, or (2) file an application to proceed in forma pauperis without prepayment of the fee; and

4.      The Clerk of the Court is directed to forward an in forma pauperis application to Plaintiff.

IT IS SO ORDERED.

Dated:   **April 8, 2013**

UNITED STATES MAGISTRATE JUDGE

4