# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY FRANCIS FISHER,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>FEDERAL BUREAU OF INVESTIGATION, et al.<br><br>　　　　Defendants. | Case No. 1:13-cv-00414-LJO-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING THAT PLAINTIFF'S FIRST AMENDED COMPLAINT BE DISMISSED WITHOUT LEAVE TO AMEND<br><br>ECF NO. 13<br><br>OBJECTIONS DUE WITHIN THIRTY (30) DAYS |

## I.

## INTRODUCTION

Plaintiff Gary Dale Fisher ("Plaintiff") is a state prisoner proceeding pro se in this action against Defendant Federal Bureau of Investigation ("Defendant"). Plaintiff filed the original complaint in this action on March 7, 2013. (ECF No. 1.) On April 9, 2013, the Court screened Plaintiff's original complaint, found that it did not state any cognizable claims and dismissed it with leave to amend. (ECF No. 6.) Plaintiff filed his First Amended Complaint on June 5, 2013. (ECF No. 13.)

For the reasons set forth below, the Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims. The Court further finds that the deficiencies in Plaintiff's First Amended Complaint cannot be cured by further leave to amend. The Court recommends that Plaintiff's First Amended Complaint be dismissed without leave to amend.

## II.

1

**SCREENING**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding pro se in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**III.**

**PLAINTIFF'S COMPLAINT**

Plaintiff alleges that he filed a Freedom of Information Act request in July 2011 with Defendant Federal Bureau of Investigation ("FBI"). (First Am. Compl. 2.) Plaintiff alleges that "a David M. Hardy records ch[ie]f, collared [his] request." (First Am. Compl. 2.) Plaintiff

alleges that "while [he] waited for a response [he] filed FOIA on the Hell's Angels Motorcycle Club on the following chapters....[1]" (First Am. Compl. 2.) Plaintiff's First Amended Complaint lists himself as well as Hell's Angels clubs in Switzerland, eastern Canada, Norway and Ventura/Oakland. (First Am. Compl. 2.) Plaintiff wrote "pursueing[sic]" under the list entries for himself and for the Hell's Angels club in Ventura/Oakland, suggesting that this lawsuit pertains to those two FOIA requests and not any of the others on the list.

Plaintiff further writes:

> The issue I'm pursueing[sic] is information on myself. FBI[sic] files dating back from 1991 through the present. Since it was David M. Hardy the records cheif[sic] who in the last letter dated in April of 2012 stated that they may have located my FBI files, but they came up missing. How can my FBI files come up missing? There should not be any thing exempt in the files.

(First Am. Compl. 3.) Plaintiff further writes:

> The FBI, records section should not lose my files, and at discovery I can show their poor lame excuse....
>
> My request on records pertaining to the Hell's Angels M/C Ventura and Oakland chapters from 1991 to the present, the gave[sic] absoulutly[sic] nothing but 3 peices[sic] of paper out of the FBI's San Francisco office. I feel that what information I sought >> all investigations on a international level including guns, drugs, counterfeiting an[sic] rackateering[sic] that there maybe some sanctions pertaining to this, because it is sensitive. I just wanted a few facts and receive very poor excuses for answers especially about my self and 5 U.S.C. § 552(a)(4)(B) is what I'm leaning on, the information I seek.

(First Am. Compl. 3-4.) Under "Relief Sought," Plaintiff writes:

> It is my beleif[sic] that the truth I seek in the information, and given many excuses that I seek relief in getting my files and a more adequat[sic] response to the Oakland/Ventura Hells Angels M/C request. Losing or misplacing files is a inadequet[sic] response on my request. Since monetary damages is not an option – so what I'm seeking for Hell's Angels M/C Oakland and Ventura is their role in "Op"eration Blackbiscuit, "OP" Welcome and Project Rockers, joint investigation with Interpol. And all my F.B.I. files from 1991 to 2012.

---

[1] Plaintiff's allegation that he "filed FOIA on the Hell's Angels Motorcycle Club" is vague as it is unclear if he filed a FOIA request sent to the FBI on the subject of the Hell's Angels Motorcycle Club or if he filed a FOIA request sent to the Hell's Angels Motorcycle Club. FOIA only applies to federal agency records. <u>Forsham v. Harris</u>, 445 U.S. 169, 176-77 (1980). Accordingly, Plaintiff cannot seek judicial review of a FOIA request improperly sent to the Hell's Angels Motorcycle Club.

3

(First Am. Compl. 4-5.)

## IV.

## DISCUSSION

**A. Plaintiff's FOIA Claims**

Plaintiff's complaint seeks judicial review of the FBI's response to Plaintiff's FOIA request. Under 5 U.S.C. § 552(a)(4)(B):

> (B) On complaint, the district court of the United States in the district in which the complainant resides ... has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant....

"Under this provision, 'federal jurisdiction is dependent on a showing that an agency has (1) "improperly" (2) "withheld" (3) "agency records."'" U.S. Dept. of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989) (quoting Kissinger v. Reporters Committee for Freedom of Press, 445 U.S. 136, 150 (1980)). "Unless each of these criteria is met, a district court lacks jurisdiction to devise remedies to force an agency to comply with the FOIA's disclosure requirements." Id.

Plaintiff's First Amended Complaint is vague, as it does not provide much detail regarding when his FOIA request was sent, where he sent his request, what specific information was sought in the request, what response Plaintiff received, or how the response was improper. Notably, Plaintiff does not allege that any documents were actually withheld by the FBI. A document is not "withheld" within the meaning of FOIA if it "'has been removed from the possession of the agency prior to the filing of the FOIA request. In such a case, the agency has neither the custody nor control necessary to enable it to withhold.'" Tax Analysts, 492 U.S. at 148 (quoting Kissinger, 445 U.S. at 150-51). At most, Plaintiff alleged that the FBI lost the records sought by Plaintiff. If that is the case, Plaintiff has no basis to seek an injunction in this Court. This Court cannot enjoin the FBI to produce records that it has lost.

It is also worth noting that Plaintiff does not allege any facts that the FBI withheld any documents "improperly." With respect to the "improperly" withheld criteria, "[a]n agency must disclose agency records to any person under § 552(a), 'unless they may be withheld pursuant to

one of the nine enumerated exemptions listed in § 552(b).'" Tax Analysts, 492 U.S. at 150-51 (quoting Department of Justice v. Julian, 486 U.S. 1, 8 (1988)).

As discussed above, Plaintiff's complaint fails to allege that any "agency records" were "withheld" by the FBI. Plaintiff only alleges that "losing or misplacing files is a inadequet[sic] response...." (First Am. Compl. 4.) Since the First Amended Complaint does not contain any allegation that anything was withheld, it follows that there is no indication that anything was withheld "improperly."

Moreover, given the nature of the documents sought by Plaintiff, it is worth noting that 5 U.S.C. § 552(b)(7) exempts "records or information compiled for law enforcement purposes" from disclosure under FOIA, subject to certain limitations[2]. Plaintiff sought records pertaining to the FBI's investigation of Plaintiff as well as several Hell's Angels Motorcycle Clubs. Contrary to Plaintiff's assertion that "there should not be any thing exempt in the files," the nature of the records sought suggest that that law enforcement records exemption would apply to many of the records sought. In order to state a plausible claim for relief, Plaintiff must allege some facts that support the conclusion that the FBI's response was improper, particularly in light of the existence of a statutory exemption that applies to the types of records sought by Plaintiff.

---

[2] The full text of 5 U.S.C. § 552(b)(7) is as follows:

> (b) This section does not apply to matters that are—
>
> ...
>
> (7) records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information (A) could reasonably be expected to interfere with enforcement proceedings, (B) would deprive a person of a right to a fair trial or an impartial adjudication, (C) could reasonably be expected to constitute an unwarranted invasion of personal privacy, (D) could reasonably be expected to disclose the identity of a confidential source, including a State, local, or foreign agency or authority or any private institution which furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation or by an agency conducting a lawful national security intelligence investigation, information furnished by a confidential source, (E) would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law, or (F) could reasonably be expected to endanger the life or physical safety of any individual;

In sum, Plaintiff's First Amended Complaint fails to allege that any records were "withheld" and fails to allege that records with withheld "improperly." Accordingly, Plaintiff's claims must be dismissed.

### B. Proper Defendants

Plaintiff's First Amended Complaint appears to name Robert S. Muellar II and David M. Hardy as defendants. (First Am. Compl. 1.) In a FOIA action, the proper defendant is the federal agency, not the individual employees of that agency. Penn v. U.S. Dept. of Justice, No. CIV S-10-2494 GEB EFB PS, 2012 WL 761741, at *3 (E.D. Cal. Mar. 7, 2012); Hajro v. U.S. Citizenship and Immigration Services, 832 F. Supp. 2d 1095, 1104 (N.D. Cal. 2011); Johnson v. C.I.R., 239 F. Supp. 2d 1125, 1139 (W.D. Wash. 2002). Mr. Muellar and Mr. Hardy are not the proper defendants in this FOIA action and Plaintiff's claims against them must be dismissed.

### C. Dismissal Without Leave to Amend

"[A] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (internal quotations and citations omitted). However, leave to amend may be denied if the plaintiff was previously informed of the deficiencies in his claims and fails to cure those deficiencies. Chodos v. West Publishing Co., 292 F.3d 992, 1003 (9th Cir. 2002).

In this case, the Court already informed Plaintiff that his FOIA claims were defective because Plaintiff's factual allegations were vague and Plaintiff failed to provide sufficient details regarding his FOIA request and the FBI's response to his request. Specifically, the Court informed Plaintiff to "clearly allege (1) whether Plaintiff made a FOIA request, (2) to whom Plaintiff sent the FOIA request, (3) what information Plaintiff requested in his FOIA request, (4) what response, if any, Plaintiff received from his FOIA request and (5) how the federal agency's response to Plaintiff's FOIA request was improper." (Order Dismissing Compl. with Leave to Amend 2:25-3:2.) In response to the Court's order, the additional details provided by Plaintiff were (1) that Plaintiff was told that the requested records were lost, and (2) that "[l]osing or misplacing files is a inadequet[sic] response." For the reasons discussed above, this does not

constitute a valid basis to challenge the FBI's response to Plaintiff's FOIA request. See discussion, supra, Part IV.A.

Plaintiff was previously informed of the deficiencies in his claims and Plaintiff's amended complaint failed to cure those deficiencies. Accordingly, the Court finds that Plaintiff's FOIA claims cannot possibly be cured by the allegation of other facts. Plaintiff's claims will be dismissed without leave to amend.

## V.

## CONCLUSION AND RECOMMEDNATIONS

For the reasons set forth above, the Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claims for judicial review of the FBI's response to Plaintiff's FOIA request. Moreover, the Court finds that Plaintiff's FOIA claims cannot be cured by the allegation of other facts.

Accordingly, it is HEREBY RECOMMENDED that Plaintiff's First Amended Complaint be DISMISSED, without leave to amend.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within thirty (30) days of service of this recommendation, any party may file written objections to these findings and recommendations with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may

//
//
//
//

waive the right to appeal the district judge's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:   **June 17, 2013**

UNITED STATES MAGISTRATE JUDGE

8